**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHIRAN CANEL, <br><br> Plaintiff, <br><br> v. <br><br> SCHOOL OF THE ART INSTITUTE OF CHICAGO, and SANDIE YI, <br><br> Defendants. | Case No. 23 cv 17064 <br><br> Judge Maldonado |

**MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Shiran Canel ("Shiran"), by her attorneys, respectfully requests that this Court enter a preliminary injunction as described below pursuant to Fed.R.Civ P. 65. In support of this motion, Plaintiff states as follows:

1. Shiran brought this lawsuit alleging violations of Title VI of the Civil Rights Act of 1964 based on the School of the Art Institute's ongoing and continuing pattern and practice of actively discriminating against her, retaliating against her after she complained and asserted her rights, and depriving her of her guaranteed right to receive an education in a discrimination-free environment. As detailed in her Complaint, Shiran has been targeted as an Israeli and as a Jewish individual.

2. Prior to filing the instant suit, Shiran had asserted claims to the School of the Art Institute ("SAIC") in accord with its Title IX procedures. On January 9, 2024, SAIC informed Shiran that it had "paused" its investigation "given the ongoing litigation" in direct contravention of the SAIC's written policies and the confirmation by the SAIC that the SAIC formal resolution process runs parallel to and is not affected by litigation.

3. Classes resume in the near future and despite requests, the SAIC has taken no steps to

assure Shiran regarding her safety at the school or address how she can continue with her education during the next semester in accord with her rights. Simply put, the SAIC has no plan, and has not responded to the proposal Shiran put forth through her attorneys, saying merely that her proposal is "under review."

4. Shiran seeks a preliminary injunction to protect her rights and expedited discovery in connection with the issues raised by this motion.

5. A party seeking a preliminary injunction must demonstrate (1) a likelihood of success on the merits; and (2) that it has no adequate remedy at law and will suffer irreparable harm if preliminary relief is denied. *See Meridian Mut. Ins. Co. v. Meridian Ins. Group, Inc.*, 128 F. 3d 1111, 1120 (7th Cir. 1997). A "likelihood of success" exists if the party seeking injunctive relief shows that it has a "better than negligible" chance of succeeding on the merits." *Id*. At 1114.

6. If the movant shows a better than negligible chance of success and irreparable harm, courts will then consider two additional factors: "(3) the irreparable harm the nonmovant will suffer if the injunction is granted balanced against the irreparable harm of the movant if the injunction is denied and (4) the effect granting or denying the injunction will have on nonparties (the 'public interest')." *Id*. To balance these factors, courts engage in a "sliding scale approach; the more likely the plaintiff will succeed on the merits, the less the balance of irreparable harms need favor the plaintiff's position." *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). Here, all four factors in the analysis plainly favor granting preliminary injunctive relief.

7. As detailed in the Complaint, Shiran has demonstrated a "better than negligible" chance of succeeding on her Title VI claim. The discrimination Shiran has suffered and will continue to suffer absent injunctive relief as an Israeli Jew more than meets the legal standard, especially considering the active involvement of SAIC administrators and faculty members in the discrimination

against Shiran. Moreover, the recent "pause" in the investigation of Shiran's Title IX complaint -- in explicit violation of SAIC policies -- exemplifies the need for injunctive relief.

8. Absent injunctive relief, it is uncontroverted that Shiran will suffer irreparable injury for which she lacks an adequate remedy at law. SAIC has advanced no plan for Shiran to safely continue her education. Absent such a plan, Shiran may be forced to take off until resolution of this case, which would cause irreparable injury because it "forever change[s] the trajectory of [her] education and career" because she "would need to explain a gap on [her] résumé in future applications to schools or jobs". *Gegas v. St. Matthew's Univ. Sch. of Med.*, 6:22-CV-2299-PGB-EJK, 2023 WL 6294410, at *1–2 (M.D. Fla. Sept. 4, 2023), citing, *Doe v. Univ. of Conn.*, No. 20-cv-92, 2020 WL 406356, at *2, 2020 U.S. Dist. LEXIS 11170 (D. Conn. Jan. 23, 2020); *Doe v. Middlebury Coll.*, 2015 WL 5488109, at *3, 2015 (finding irreparable harm where the plaintiff had a job offer "contingent on the successful completion of his degree" and concluding that "money damages cannot compensate for the loss of [the plaintiff's] senior year in college with his class, the delay in the completion of his degree, or the opportunity to begin his career ... with this particular employment," and noting that the plaintiff "would have to explain, for the remainder of his professional life, why his education either ceased prior to completion or contains a gap" and would therefore suffer "imminent and non-speculative harm"); *see also King v. DePauw Univ.*, No. 14-cv-70, 2014 WL 4197507, at *13, 2014 U.S. Dist. LEXIS 117075 (S.D. Ind. Aug. 22, 2014) (finding, where the plaintiff would "forever have either a gap or a senior-year transfer on his record," it was "inevitable that he would be asked to explain either situation by future employers or graduate school admissions committees, which would require him to reveal" information about himself that would create stigma, thus representing irreparable harm). Here, changing Shiran's educational trajectory is significantly more extreme than needing to explain a gap year on a resume. Additionally, to the extent that Shiran cannot attend classes

for the coming semester (as proposed by SAIC), she will also be irreparably harmed in that monetary damages cannot compensate her for the disruption in her education and there is no way to give her back the time that can never be returned to her and the accompanying psychological impact to that.

9. Under any balancing test, the benefit to Shiran of granting the requested injunctive relief easily outweighs any hardship that would be imposed on the SAIC in ensuring that Shiran and others could continue their educations free from the rampant anti-Semitism endemic to SAIC. Simply put, from the perspective of the SAIC, there would be no downside in properly enforcing its existing policies to protect Shiran and other similar students from the discrimination that they are suffering.

10. Finally, the public interest would be best served by granting injunctive relief. The SAIC has knowledge of and continues to be indifferent to a racially hostile environment that is severe, persistent, and pervasive. Allowing that environment to continue runs afoul of basic public and human interests.

WHEREFORE, Plaintiff respectfully requests that this Court enter relief as follows:

(a) Preliminary injunctive relief preventing and enjoining SAIC from violating Title VI, including, but not limited to, preventing and enjoining SAIC and its agents from establishing, implementing, instituting, maintaining, or executing policies, practices, procedures, or protocols that penalize or discriminate against Plaintiff in any way, and ordering SAIC to take all necessary, adequate, and appropriate remedial, corrective, and preventative measures including by, among other things: (i) disciplinary measures, including the termination of deans, administrators, professors, and other employees responsible for antisemitic discrimination and abuse, whether because they engage in it or permit it; (ii) disciplinary measures, including suspension or expulsion, against students who engage in such conduct; and (iii) adding required antisemitism

4

training for SAIC community members;

(b) Preliminary injunctive relief preventing and enjoining SAIC from "pausing" or otherwise interrupting its formal resolution of Plaintiff's Title IX complaint pursuant to SAIC's policies;

(c) Setting this matter for a preliminary injunction hearing, together with full briefing, on an expedited schedule; and

(d) Granting such other and further relief as this Court deems appropriate.

Respectfully submitted,

**SHIRAN CANEL**

By: */s/ Steven P. Blonder*
One of her attorneys

Steven P. Blonder (6215773)
Joanne A. Sarasin (6191817)
Laura A. Elkayam (6303237)
**MUCH SHELIST, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 521-2402
sblonder@muchlaw.com
jsarasin@muchlaw.com
lelkayam@muchlaw.com

Avraham E. Aizenman
**STEELMAN ADVOCATE, P.C.**
3840 Via De La Valle
Del Mar, CA 92014
(424) 242-4603
eli@steelmanadvocate.com
(to be admitted pro hac vice)

5