**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHIRAN CANEL, <br><br> Plaintiff, <br><br> v. <br><br> SCHOOL OF THE ART INSTITUTE OF CHICAGO, and SANDIE YI, <br><br> Defendants. | Case No. 23 cv 17064 <br><br> Judge Maldonado |

## MOTION FOR EXPEDITED DISCOVERY

Plaintiff Shiran Canel ("Shiran"), by her attorneys, respectfully requests that this Court enter an Order providing for expedited discovery related to the motion for preliminary injunction being contemporaneously filed. In support of this motion, Plaintiff states as follows:

1. Shiran brought this lawsuit alleging violations of Title VI of the Civil Rights Act of 1964 based on the School of the Art Institute's ongoing and continuing pattern and practice of actively discriminating against her, retaliating against her after she complained and asserted her rights, and depriving her of her guaranteed right to receive an education in a discrimination-free environment. As detailed in her Complaint, Shiran has been targeted as an Israeli and as a Jewish individual.

2. On January 12, 2024, Shiran filed a Motion for Preliminary Injunction. The motion highlights the failure of Defendant School of the Art Institute ("SAIC") to follow its own policies and procedures by "pausing" Shiran's title IX investigation, and failing to provide her with a safe environment, free from discrimination and harassment, within which to continue her academic studies during the semester which is scheduled to start shortly. Shiran's motion seeks a preliminary injunction to address these and other related issues and requests a hearing at the earliest possible date.

3. In connection with the request for preliminary injunction, there is certain (albeit limited) discovery that Shiran needs. Accordingly, Shiran seeks an order permitting expedited discovery from this Court so as to obtain the requisite discovery. Shiran anticipates that this discovery would entail targeted document requests and interrogatories and perhaps a few depositions.

4. The Federal Rules of Civil Procedure permit courts to allow discovery to proceed on an expedited basis and courts apply a "good cause" standard in determining whether to allow it. See Fed. R. Civ. P. 26(d), 33(a), 34(b); see also *Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012). The Advisory Committee Note to the 1993 Amendments to Rule 26(d) expressly notes that expedited discovery may be appropriate in cases "involving requests for a preliminary injunction." *Inventus Power, Inc. v. Shenzhen Ace Battery Co., Ltd.*, 20-CV-3375, 2020 WL 3960451, at *14 (N.D. Ill. July 13, 2020) *see also* Fed. R. Civ. P. 26(d) advisory committee's note to 1993 amendment (stating that expedited discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction"). A party seeking leave to conduct expedited discovery bears the burden of making a prima facie case for such early discovery. *Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. at 410. "Good cause can be found when the need for expedited discovery, in consideration with the administration of justice, outweighs the prejudice to the responding party." *Roche Diagnostics Corp. v. Binson's Hosp. Supplies, Inc.*, No. 1:17-cv-00949-LJM-DML, 2017 WL 11573559, at *1 (S.D. Ind. May 11, 2017) (citing *Hard Drive Prods. v. Doe* 283 F.R.D. at 410). For instance, a pending motion for preliminary injunction typically satisfies the good cause standard. *Med. Automation Sys.*, 2011 WL 130098, at *3; *See Nobel Biocare USA, Inc. v. Lynch*, 1999 WL 958501, at *4 (N.D. Ill. Sept. 15, 1999) (expedited discovery is appropriate in light of the scheduling a preliminary injunction hearing, so the court and the parties will have a fuller evidentiary record for that hearing).

5. Here, Shiran easily meets the standard for expedited discovery as she has filed for a preliminary injunction. Providing for expedited discovery related to the requested preliminary injunction would further the public interest as well as any human interest, would provide the court with a more complete evidentiary record for the preliminary injunction hearing, and not run afoul of any legitimate countervailing interest.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order providing for expedited discovery related to the requested preliminary injunction and grant such other and further relief as this Court deems appropriate.

                                                Respectfully submitted,

                                                **SHIRAN CANEL**

By:    */s/ Steven P. Blonder*
           One of her attorneys

           Steven P. Blonder (6215773)
           Joanne A. Sarasin (6191817)
           Laura A. Elkayam (6303237)
           **MUCH SHELIST, P.C.**
           191 N. Wacker Drive, Suite 1800
           Chicago, Illinois 60606
           (312) 521-2402
           sblonder@muchlaw.com
           jsarasin@muchlaw.com
           lelkayam@muchlaw.com

           Avraham E. Aizenman
           **STEELMAN ADVOCATE, P.C.**
           3840 Via De La Valle
           Del Mar, CA 92014
           (424) 242-4603
           eli@steelmanadvocate.com
           (to be admitted pro hac vice)