# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHIRAN CANEL,<br><br>    Plaintiff,<br><br>v.<br><br>SCHOOL OF THE ART INSTITUTE OF CHICAGO, and SANDIE YI,<br><br>    Defendants. | Case No. 23 cv 17064<br><br>Judge Maldonado |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff Shiran Canel ("Shiran"), through her attorneys, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure requests that Defendants produce the documents designated below to undersigned counsel at the offices of Much Shelist, P.C., 191 N. Wacker Drive, Suite 1800, Chicago, Illinois 60606 within a period of time to be set by the Court.

**INSTRUCTIONS**

A. The documents sought include documents within the respective custody, possession or control of the School of the Art Institute of Chicago ("SAIC"), and/or Sandie Yi ("Yi"), and each of their respective agents, including, without limitation, documents in the custody, possession or control of the accountants, advisers, attorneys, representatives, directors, officers, employees and/or other agents of same.

B. The requested documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the paragraphs to which they relate.

C. Any document requested that has been destroyed or otherwise disposed should be identified by author, addressee, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date of destruction or other disposition,

person authorizing destruction or other disposition and person destroying or disposing of the document.

  D. Any electronically stored information ("ESI") shall be produced with load files in Summation or Concordance format. The production should be de-duplicated across custodians at the time of processing and documents should be produced as bates-numbered, single-page TIFF images and should be accompanied with OCR (or extracted text) for each document. When ESI is not readily convertible or unwieldy as a TIFF format (as, for instance, Excel database files), the document shall be produced the document in its native format. For ESI and email, the converted TIFF images, linked native files (where applicable), and OCR/extracted text files should be produced along with metadata as specified below. Requests for alternative arrangements and any questions regarding the requested format may be directed to undersigned counsel.

    a. For all documents derived from hard copy/paper documents at least the following metadata should be produced: DOCID, ENDDOCID, and CUSTODIAN.

    b. For all ESI, the following minimum metadata fields should be produced: DOCID, ENDDOCID, TITLE, AUTHOR, DATE CREATED, DATE MODIFIED, DOC TYPE, DOCUMENT PATH, NATIVE DOCUMENT LINK (where applicable); and OCR PATH.

    c. In addition to the categories of data above, emails should additionally include, at minimum, the following additional metadata fields: FROM, TO, CC, BCC, DATE SENT, TIME SENT, SUBJECT, and ATTACHMENT DOCIDS.

  E. As required by Rule 26(b)(5), if any document is withheld because of an asserted privilege, or for any other reason, Defendants must state the reason and the precise privilege or protection being claimed and identify each withheld document with sufficient detail so that the applicability of the privilege or justification for being withheld can be determined. In addition, pending a ruling by court as to the claimed privilege, Defendants should mark and hold intact all documents being withheld.

F. As required by Rule 26(e), production shall be seasonably supplemented whenever additional or corrective documents become available which are responsive to these requests but have not previously been produced.

G. The following rules of construction apply to these requests:

    a. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    b. The singular shall include the plural, the plural shall include the singular, and masculine pronouns shall include the feminine and the neutral.

## DEFINITIONS

A. "Shiran" means Plaintiff, Shiran Canel, and/or any of her representatives or agents.

B. "SAIC" refers to Defendant, School of the Art Institute of Chicago, and any of its current or former employees, agents, representatives, consultants, or other persons acting, or purporting to act, on its behalf.

C. "Yi" refers to Defendant Sandie Yi and any of her representatives or agents.

D. "Complaint" means the complaint filed in the above-captioned matter.

E. "Concerning" means relating to, referring to, referencing, reflecting, describing, discussing, evidencing, supporting, stating, mentioning, embodying, setting forth, commenting on, assessing, recording, constituting, comprising, touching upon, summarizing, identifying, commenting on, reflecting, indicating, analyzing, pertaining to in any way, or having any logical or factual connection whatsoever to the subject matter in question.

F. "Documents" shall be interpreted in the broadest sense permissible under the federal rules and shall specifically include, but not necessarily be limited to, the following:

    a. E-mail communications
    b. Text messages

    c.    Communications via Slack, Teams, or other similar chat software

    d.    Information otherwise contained in an electronic or voice mail system;

    e.    All computer-readable media, including but not limited to tapes, diskettes, hard drives, cards, cassettes, and all other electronic or mechanical devices which contain information;

    f.    All originals, drafts, and copies that differ in any respect from the original, all marginal comments that appear on such documents, and all transcripts or recordings of such documents; and

    g.    All attachments, enclosures, or documents affixed or referred to in such documents.

## REQUESTS FOR PRODUCTION

1.    All documents related to what measures, if any, SAIC has taken, or has considered taking, to address the concerns raised by Shiran to SAIC regarding antisemitism, anti-Israeli conduct, discrimination, and/or harassment, including, without limitation:

    a.    Steps that have been or could be taken to improve her educational environment, and

    b.    The process, procedures, or decision-making regarding if and how SAIC is addressing the concerns raised by Shiran.

2.    All documents related to SAIC's enforcement of any applicable student disciplinary process or policy (including, but not limited to, those referenced in the Student Handbook) against students since September 1, 2023 as related to claims of antisemitism, anti-Israeli conduct, discrimination, and/or harassment.

3.    All documents related to SAIC's enforcement of any applicable faculty disciplinary process or policy (including, but not limited to, those referenced in the Faculty Policy Prohibiting Discrimination, Harassment, and Retaliation) against SAIC faculty members since September 1, 2023 related to claims of antisemitism, anti-Israeli conduct, discrimination and/or harassment.

4

4. All documents related to what actions, if any, SAIC has taken with respect to Yi in response to Shiran's complaints related to antisemitism, anti-Israeli conduct, discrimination and/or harassment.

5. All documents related to SAIC's decision to cancel classes taught by Yi or Savneet Tarwal for the academic period beginning in January 2024.

6. All documents from September 1, 2023 relating to interactions between Yi and Shiran.

7. All documents relating to any concerns about how other students treat or may in the future treat Shiran in the classroom environment.

8. All documents that you may use in connection with any preliminary injunction hearing in this matter.

**SHIRAN CANEL**

By: */s/ Steven P. Blonder*
One of her attorneys

Steven P. Blonder (6215773)
Joanne A. Sarasin (6191817)
Laura A. Elkayam (6303237)
**MUCH SHELIST, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 521-2402
sblonder@muchlaw.com
jsarasin@muchlaw.com
lelkayam@muchlaw.com

Avraham E. Aizenman
**STEELMAN ADVOCATE, P.C.**
3840 Via De La Valle
Del Mar, CA 92014
(424) 242-4603
eli@steelmanadvocate.com
(to be admitted pro hac vice)

5