**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SHIRAN CANEL,<br><br>               Plaintiff,<br><br>v.<br><br>SCHOOL OF THE ART INSTITUTE OF<br>CHICAGO and SANDIE YI,<br><br>               Defendants. | No. 1:23-CV-17064<br><br>Honorable Nancy Maldonado |

**DEFENDANT THE SCHOOL OF THE ART INSTITUTE OF CHICAGO'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

Plaintiff Shiran Canel seeks expedited discovery in connection with a motion for preliminary injunction that has been rendered moot by Defendant the School of the Art Institute of Chicago's ("SAIC") actions to address Plaintiff's concerns. In effect, Plaintiff has already received the relief sought through her motion for preliminary injunction[1] but still seeks a broad swath of documents and information related to the alleged circumstances leading up to her motion. SAIC has carefully reviewed and addressed the measures requested by Plaintiff and has implemented those measures or taken steps to do so. As SAIC demonstrates in this response, Plaintiff thus fails to show the "good cause" required for expedited discovery. Indeed, her motion for expedited discovery (D.E. 10) ("Motion for Expedited Discovery") falls short as to each of the five relevant considerations. Accordingly, the Court should deny Plaintiff's motion for expedited discovery.

---

[1] There are two categories of relief that Plaintiff seeks in her Complaint (D.E. 1) and in her motion for preliminary injunction (D.E. 9) that SAIC has not addressed because they represent personnel and enrollment actions not appropriate for court-ordered relief: "disciplinary measures, including the termination of deans, administrators, professors, and other employees responsible for antisemitic discrimination and abuse . . ." and "disciplinary measures, including suspension or expulsion, against students who engage in such conduct." *See* D.E. 9 at 4.

1

## RELEVANT BACKGROUND

On December 22, 2023, Plaintiff filed this action against Defendants SAIC and Professor Sandie Yi. D.E. 1 ("Complaint"). In the Complaint, Plaintiff seeks, among other things:

> Injunctive relief preventing [SAIC] from establishing, implementing, instituting, maintaining, or executing policies, practices, procedures, or protocols that penalize or discriminate against Jewish or Israeli students, including Plaintiff, in any way, and ordering SAIC to take all necessary and appropriate remedial and preventative measures to secure the rights covered by Title VI, including by, among other things, (i) terminating deans, administrators, professors, and other employees responsible for the antisemitic and discriminatory abuse permeating the school, whether because they engaged in it or permitted it, and (ii) suspending or expelling students who engage in discriminatory or antisemitic conduct.

D.E. 1 at 37.

On January 12, 2024, Plaintiff filed a motion for a preliminary injunction without an accompanying memorandum of law or any supporting exhibits or evidence. D.E. 9. On the same date, Plaintiff filed a motion for expedited discovery without an accompanying memorandum of law or any proposed discovery requests. D.E. 10.

Through counsel, the parties engaged in discussions regarding interim measures SAIC could put in place to facilitate Plaintiff's continuation of her studies at SAIC. Plaintiff was enrolled in four courses for the upcoming semester, with classes due to begin on January 24, 2024. *See* Ltr. from Art Therapy Dept. Chair, A. Mers, to Plaintiff, attached as **Exhibit 1**. Plaintiff requested the opportunity to take all of her courses remotely and on a one-on-one basis. *See* Email between counsel for parties, dated January 11, 2024, attached as **Exhibit 2** (redacted of forwarding among counsel). On or about January 23, 2024—a few hours before the status hearing on the instant motion and Plaintiff's motion for preliminary injunction—counsel for SAIC informed counsel for Plaintiff of the following:

2

- SAIC was cancelling one of the courses in which Plaintiff was enrolled for spring 2024 as to all students. All enrolled students, including Plaintiff, would be able to add an elective in place of that course, at their option.

- SAIC was offering Plaintiff the opportunity to take her other three courses one-on-one with private tutors, as she requested.

- SAIC would offer professional development in cultural sensitivity and bias training to all faculty in the Art Therapy Department, which is the program in which Plaintiff is enrolled.

- SAIC would provide school-wide programming on anti-semitism.

- SAIC was continuing its internal investigation of Plaintiff's allegations of discrimination and harassment after just a brief pause.

*See* Emails between counsel for parties, dated January 22-23, 2024, attached as **Exhibit 3** (redacted of forwarding among counsel).

On January 23, 2024, the parties appeared for a status hearing, wherein the parties addressed their respective positions, including SAIC's interest in exploring the possibility of mediation or other alternative dispute resolution. *See* D.E. 29 at 14:24-15:12. At the hearing and in a subsequent written order, the Court ordered Plaintiff to file a supplement to her motion for expedited discovery, attaching drafts of the discovery sought. Plaintiff filed her supplement on January 24, 2024.

The Chair of Plaintiff's Department, Professor Adelheid Mers, sent a letter to Plaintiff dated January 23, 2024, indicating that SAIC would meet her request for online tutoring in lieu of in-person classes during the spring 2024 semester and listing the highly qualified faculty members who would teach Plaintiff one-on-one. *See* Ex. 1. In the letter, Professor Mers asked Plaintiff to reach out to the faculty members to establish mutually convenient times for their individualized class meetings. *See id.* Professor Mers also indicated that, once Plaintiff provided information about the course or course types that interested her for an additional, elective course, Professor Mers would work with others at SAIC to make arrangements. *See id.* On January 23, 2024, Plaintiff

reached out to her academic advisor related to selecting an elective. *See* Emails between Plaintiff and K. Kamholz, dated Jan. 23-24, 2024, attached as **Exhibit 4** (redacted of forwarding among counsel). Plaintiff's advisor responded on January 24, 2024. *See id.* As of the date of this response, Plaintiff has enrolled in the elective of her choice. *See id*.

## ARGUMENT

### I.     Legal Standard

Courts have discretion over management of the discovery process. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000). Expedited discovery "is not the norm," and courts should not grant leave for expedited discovery "without some showing of the necessity for the expedited discovery." *Id.* The party seeking leave for expedited discovery "bears the burden of making a prima facie case for such early discovery." *Iglesias v. Fed. Bureau of Prisons*, No. 19-CV-415-NJR, 2021 WL 4820429, at *2 (S.D. Ill. Oct. 15, 2021).

District courts within the Seventh Circuit evaluate motions for expedited discovery "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Ibarra v. City of Chicago*, 816 F.Supp.2d 541, 554 (N.D. Ill. 2011). In applying this "reasonableness" standard, courts may consider the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* In addition to these factors, "[c]ourts must also protect defendants from unfair expedited discovery." *Merrill Lynch*, 194 F.R.D. at 623. In order to protect defendants from unfair expedited discovery, the Seventh Circuit has required "the movant [to] establish good cause." *Iglesias*, 2021 WL 4820429,

at *2. "Good cause can be found when the need for expedited discovery, in consideration with the administration of justice, outweighs the prejudice to the responding party." *Id.*

## II. The Court Should Deny Plaintiff's Motion for Expedited Discovery in its Entirety Because Plaintiff Cannot Show Good Cause.

Plaintiff has not shown—and cannot show—the "good cause" required for the Court to order expedited discovery.

As an initial matter, Plaintiff's Motion does not directly argue that there is good cause for expedited discovery. Plaintiff also does not offer any substantive support for such an argument. On this point, Plaintiff states little more than the conclusory claim that "a pending motion for preliminary injunction typically satisfies the good cause standard." D.E. 10 at 2. Plaintiff does not attempt to apply this standard to the circumstances of her own case. *See generally id.* And in the cases Plaintiff cites in support of her motion for expedited discovery, courts either denied motions for expedited discovery or granted such motions within the special context of trade secret cases. *See id.* (citing *Hard Drive Prods., Inc. V. Doe*, 283 F.R.D. 409 (N.D. Ill. 2012) (denying motion for expedited discovery where the plaintiff sought "unnecessary, broad, and prejudicial early discovery"); *Roche Diagnostics Corp. V. Binson's Hosp. Supplies, Inc.*, No. 1:10-cv-01718-SEB-DML, 2017 WL 11573559 (S.D. Ind. May 11, 2017) (finding no good cause and denying motion for expedited discovery); *Inventus Power, Inc. V. Shenzhen Ace Battery Co., Ltd.*, No. 20-cv-3375, 2020 WL 3960451 (N.D. Ill. July 13, 2020) (granting motion for expedited discovery in trade secret case where such motions are frequently granted); *Nobel Biocare USA, Inc. V. Lynch*, No. 99 C 5774, 1999 WL 958501 (N.D. Ill. Sept. 15, 1999) (same)). Therefore, although Plaintiff admits that the moving party "bears the burden of making a prima facie case for such early discovery," she does not even attempt to make—let alone succeed at making—such a prima facie case. Plaintiff's Motion should be denied on this basis alone.

5

Furthermore, as discussed in detail herein, an analysis of Plaintiff's Motion with respect to five key factors considered by courts in this jurisdiction demonstrates that there is not good cause for expedited discovery in this case.

### A. The Preliminary Injunction Plaintiff Seeks Is Moot and Unlikely to be Granted.

Plaintiff's motion for preliminary injunction is moot; therefore, Plaintiff's motion for expedited discovery is similarly moot and should be denied. In her motion for preliminary injunction, Plaintiff indicated that SAIC had "no plan" for her return to school at SAIC and that SAIC had taken "no steps to assure [Plaintiff] regarding her safety at the school or address how she can continue with her education during the next semester in accord with her rights." D.E. 9 at 1-2. But, as Plaintiff knows, SAIC has already set in place measures addressing each of Plaintiff's requests in the manner requested, leaving no need for the preliminary injunction Plaintiff seeks.

SAIC's interim measures, which satisfy all of Plaintiff's requests related to her return to school, effectively nullify the relief sought in the preliminary injunction. Specifically, Plaintiff requested one-on-one tutoring for the four courses in which she was enrolled for spring 2024. *See* Ex. 2. SAIC has confirmed—and informed Plaintiff that it has confirmed—that one-on-one tutoring has been arranged for the three of Plaintiff's courses that will be offered in spring 2024. *See* Ex. 1 (Letter from A. Mers). SAIC cancelled Plaintiff's fourth course, impacting all enrolled students equally. SAIC has communicated with Plaintiff and her counsel about Plaintiff's option to select an elective as her fourth course and SAIC's commitment to work with her to make arrangements for the fourth course. *See* Ex. 3; Ex. 4. These efforts were successful; Plaintiff is enrolled in the elective she requested. *See* Ex. 4. And SAIC's investigation into Plaintiff's allegations is ongoing. In short, SAIC has put in place interim measures, and Plaintiff has taken affirmative steps to return to school subject to those interim measures. Accordingly, Plaintiff's

preliminary injunction is moot and no longer necessary, and there is no remaining justification for her motion for expedited discovery.

### B.  Plaintiff's Discovery Requests are Overly Broad.

Plaintiff's discovery requests also are not appropriate for expedited discovery because they are overly broad—significantly broader than she indicated in Court and to counsel for SAIC. Plaintiff fails to show how the broad expedited discovery she seeks is tailored to the needs of the case. *See Strike 3 Holdings, LLC v. Doe*, No. 1:20-CV-06528, 2020 WL 6701105, at *2 (N.D. Ill. Nov. 13, 2020). Accordingly, this factor weighs against granting Plaintiff's Motion.

<u>*Plaintiff's Discovery Requests are Overly Broad on Their Face.*</u>

Plaintiff's requests are also overly broad on their face. For example, Plaintiff requests documents related to "SAIC's enforcement of applicable student disciplinary process or policy . . . against students since September 1, 2023 as related to claims of antisemitism, anti-Israeli conduct, discrimination, and/or harassment," requests a parallel set of documents with respect to faculty members. *See* D.E. 30-1 at 5. Plaintiff does not limit the scope of her request to those students or faculty members in Plaintiff's program or who have any foreseeable current or ongoing contact with Plaintiff.

Moreover, Plaintiff's requests are overly broad because they are unlikely to lead to the discovery of admissible evidence for two reasons. First, SAIC has already provided some of the information sought in her interrogatories, including the "steps taken by [SAIC] to address concerns raised by Shiran regarding antisemitism, anti-Israeli conduct, discrimination, and/or harassment." D.E. 30-2 at 4. Second, many of SAIC's internal actions and communications related to Plaintiff's concerns have been handled on a privileged basis, with significant discussions attended by legal counsel, who offered legal advice on SAIC's obligations and liability. Accordingly, SAIC's

response to many of Plaintiff's document requests and interrogatories will be in the form of a privilege log or other assertion of the attorney-client privilege, the attorney work product doctrine, and/or other privileges or protections.

> ### *Plaintiff's Discovery Requests Have Broadened as the Scope of the Dispute Has Narrowed.*

Plaintiff has expanded the scope of the discovery she claims to need, even as SAIC has substantially provided or offered to provide all of the measures Plaintiff requested in connection with her motion for preliminary injunction. This expansion of her supposed discovery needs suggests that she is gathering documents and information that are not tailored to the needs of the case but rather intended to burden SAIC or to fish for potential additional claims to assert at a later stage of the case. This sort of broad exercise is inappropriate for expedited discovery. *See Strike 3 Holdings,* 2020 WL 6701105, at *2; *E.E.O.C. v. Harvey L. Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) ("discovery is not to be used as a fishing expedition").

On the evening of January 22, 2024, counsel for Plaintiff emailed counsel for SAIC, indicating that Plaintiff would seek the following:

> 1. What measures, if any, has the School taken to address the harassment and discrimination complained [sic] by Shiran.
> 2. What measures, if any, has the School taken with regards to Shiran individually, that do not apply equally to all students.
> 3. All documents and communications etc. regarding any discussion, process, or decision regarding 1 and 2.

*See* Ex. 3 at 3. The following morning, at a status hearing before the Court, counsel for Plaintiff indicated a similar scope for the expedited discovery, referring to discovery "basically on two issues, plus communications related to those issues, and possibly a deposition or two." D.E. 29 at 5:4-8. Plaintiff's discovery requests, however, address a broader set of issues, encompassing eight separate document requests, four interrogatories, and three depositions. *See* D.E. 30-1, 30-2, 30-3,

30-4, 30-5. The supplement to Plaintiff's Motion fails to explain why she seeks this breadth of documents and information or why the breadth of documents and information sought has expanded, even as SAIC's interim measures have mooted the relief sought in her motion for preliminary injunction. *See generally* D.E. 30. Plaintiff's overly broad discovery requests, proposed without justification, weigh against granting Plaintiff's Motion.

### C. Plaintiff's Purpose in Requesting the Expedited Discovery Is No Longer Valid.

In light of SAIC's showing that Plaintiff's discovery requests are inappropriate for expedited discovery and overly broad, and that SAIC has already set in place measures addressing each of Plaintiff's requests in the manner requested,[2] there is no valid purpose in requesting the expedited discovery. *See supra* at 4-9. On this point, Plaintiff's Motion states no specific purpose—only that she "needs" "certain discovery" "[i]n connection with the request for preliminary injunction." D.E. 10 at 2. And Plaintiff's Supplement to her Motion for Expedited Discovery is silent as to the intended purpose of the discovery she seeks. *See* D.E. 30. In failing to state a purpose for the specific discovery sought, Plaintiff leaves it to the Court and to the defendants to guess at why she requested what she did. This Court has previously found that a movant's desire to achieve a "speedy" resolution by pursuing depositions "sooner than later" does

---

[2] SAIC notes here that its obligations under Title VI and any other applicable laws and policies do not mandate that it address alleged discrimination and harassment in the precise manner requested by the complainant (here, Plaintiff). *See Doe v. Galster*, 768 F.3d 611, 621 (7th Cir. 2014) (noting that plaintiff was not entitled "to any specific remedial measure" relating to her Title VI claim and affirming lower court's grant of summary judgment of same). Nonetheless, in an effort to reach agreement quickly and amicably on as much of this dispute as possible, SAIC opted to offer Plaintiff the precise form of relief she requested with respect to spring 2024.

not constitute good cause. *See Hard Drive Prods.*, 283 F.R.D. at 411 (citing *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 242 (S.D. Tex. 2011)).

### D. It Would Be Burdensome for SAIC to Comply with Plaintiff's Discovery Requests.

Plaintiff's discovery requests would create a significant burden for SAIC. As an initial matter, Plaintiff seeks the deposition of two SAIC faculty members, Defendant Yi and Professor Mers, who is the Chair of the Art Therapy Department. *See generally* D.E. 30-4, 30-5. Defendant Yi is not teaching any course in which Plaintiff is enrolled in spring 2024 and is not anticipated to have contact with Plaintiff, who is expected to take all four of her spring 2024 courses remotely, as she requested. Accordingly, Defendant Yi is unlikely to have any information related to any current or ongoing treatment of Plaintiff at SAIC. Moreover, with respect to actions and communications related to the assertions in Plaintiff's motion for preliminary injunction, a significant proportion of Professor Mers's relevant information would be subject to the attorney-client privilege due to the involvement of legal counsel in SAIC's decision-making in this area. These depositions are not necessary at this time and would create a significant burden for the witnesses—both active faculty members, scholars, and artists—and for SAIC.

In addition to these depositions, Plaintiff also seeks the deposition of a SAIC corporate representative pursuant to Rule 30(b)(6). As is the case with respect to Professor Mers, a significant proportion of the Rule 30(b)(6) witness's relevant information would be subject to the attorney-client privilege. In addition, the topics on which the Rule 30(b)(6) is expected to be knowledgeable is overly broad. Plaintiff fails to explain how testimony as to "when SAIC learned about the [] conduct [alleged in the Complaint]" is tailored to the motion for preliminary injunction. Preparing a corporate witness on the wide swath of information implicated by "[t]he allegations contained in paragraphs 39-86 of the Complaint" and the other topics Plaintiff identified would be onerous,

time-consuming, and potentially disproportionate to the needs of the case at this specific stage, particularly where, as SAIC has repeatedly indicated, it is still in the process of investigating the facts related to Plaintiff's allegations.

Furthermore, the following specific requests in particular would be extremely burdensome for SAIC to answer, even accounting for the objections available to SAIC:

- Document Request No. 2: "All documents related to SAIC's enforcement of any applicable student disciplinary process or policy . . . against students since September 1, 2023 as related to claims of antisemitism, anti-Israeli conduct, discrimination, and/or harassment." If any such documents exist, they would almost certainly be protected by the Family Educational Rights and Privacy Act (FERPA), 20 U.S. § 1232g; 34 C.F.R. part 99, requiring additional steps and time for disclosure. D.E. 30-1 at 4.

- Interrogatory No. 3: "Identify all communications regarding the concerns raised by Shiran regarding antisemitism, anti-Israeli conduct, discrimination, and/or harassment." D.E. 30-2 at 5. Responding to this interrogatory would require a significant search and review of the communications of several custodians, including at least five faculty members and multiple members of the academic administration of SAIC. This sort of undertaking is not called for by Plaintiff's motion for preliminary injunction, is not justified whatsoever by Plaintiff's Motion, and would entail a significant and disproportionate expenditure of time and resources.

- Interrogatory No. 4: "Why did SAIC cancel classes scheduled to be taught by Yi or Savneet Tarwal for the academic period beginning in January 2024, and identify all communications relating to those decisions." *Id.* Plaintiff is silent as to the relevance of any classes taught by Savneet Tarwal. In addition, like Interrogatory No. 3, this interrogatory would require a significant

11

search and review of the communications of several custodians, including at least three faculty members and multiple members of the academic administration of SAIC.

### E. The Request Falls Quite Far in Advance of the Typical Discovery Process.

Plaintiff filed this request quite far in advance of the typical discovery process. Given the totality of the circumstances, this consideration weighs against granting expedited discovery. Defendants' time to answer or otherwise respond to the complaint has not yet come due. *See* D.E. 28 at 1. The parties have not yet conducted a Rule 26(f) conference or appeared for an initial status conference. They have not exchanged initial disclosures pursuant to Rule 26(a)(1). Without any indication from Plaintiff as to the purpose of her particular discovery requests, and with discovery requests that are overly broad and not tailored to Plaintiff's motion for preliminary injunction, there is no reason to allow Plaintiff to accelerate the typical discovery process as requested in Plaintiff's Motion. *See, e.g., Restoration Hardware, Inc. v. Haynes Furniture Co.*, No. 16 CV 10665, 2017 WL 3597518, at *3 (N.D. Ill. Mar. 13, 2017) (denying motion for expedited discovery in part, finding that "a good portion of the information and documents defendants seek go well beyond the scope of the preliminary injunction proceedings").

### CONCLUSION

Plaintiff has failed to assert, let alone demonstrate, good cause for expedited discovery at this stage, with all five relevant factors weighing against granting her Motion for Expedited Discovery. Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion for Expedited Discovery in its entirety.

Respectfully submitted,

SCHOOL OF THE ART INSTITUTE OF
CHICAGO

By: /s/ *John W. Borkowski*
     One of Its Attorneys

John W. Borkowski
Karen L. Courtheoux
Katherine Tierney
Husch Blackwell LLP
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
P: (312) 526-1634
john.borkowski@huschblackwell.com
Karen.courtheoux@huschblackwell.com
Katherine.tierney@huschblackwell.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on January 31, 2024, he electronically filed the foregoing **DEFENDANT THE SCHOOL OF THE ART INSTITUTE OF CHICAGO'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY** with the Clerk of the Court using the CMECF system which will send notification to the following individuals listed below:

Steven P. Blonder
Laura Elakayam
Much Shelist P.C.
191 North Wacker Drive
Suite 1800
Chicago, IL 60606
sblonder@muchlaw.com
lelkayam@muchlaw.com

Jonathan B. Blakley
Susan J. Best
Maximilian J. Bungert
Gordon Rees Scully Mansukhani
One North Franklin, Suite 800
Chicago, IL 60606
jblackley@grsm.com
sbest@grsm.com
mbungert@grsm.com

Avraham E. Aizenman
Steelman Advocate PC
3840 Via De La Valle
Del Mar, CA 92014
eli@steelmanadvocate.com

/s/ *John W. Borkowski*