**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHIRAN CANEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:23-CV-17064 |
| v. | ) | |
| | ) | Honorable Nancy L. Maldonado |
| SCHOOL OF THE ART INSTITUTE OF | ) | |
| CHICAGO and SANDIE YI, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SANDIE YI'S REPLY IN SUPPORT OF HER**
**MOTION TO DISMISS COUNT V OF PLAINTIFF'S COMPLAINT**

Defendant, Sandie Yi's ("Yi"), by and through her counsel, Gordon Rees Scully Mansukhani,

LLP, reply in support of her motion to dismiss Count V of Plaintiff's Complaint (ECF No. 1) pursuant

to Federal Rule of Civil Procedure 12(b)(6). In support of this reply, Yi states as follows:

**INTRODUCTION**

Plaintiff's response to Defendant Yi's motion to dismiss makes it even clearer that her

intentional infliction of emotional distress ("IIED") is preempted by the Illinois Human Rights Act

("IHRA"). But for her claims of discrimination, harassment and retaliation, Plaintiff cannot allege

facts to support an independent claim for IIED. Moreover, even if her IIED claim was not preempted,

Plaintiff fails to state facts to support a claim for IIED. Therefore, Count V of Plaintiff's Complaint

should be dismissed against Defendant Yi.

**ARGUMENT**

I. **Plaintiff's Intentional Infliction of Emotional Distress Claim is Preempted by the**
   **Illinois Human Rights Act.**

Contrary to Plaintiff's assertion, Defendant Yi does not have a misunderstanding of IHRA

preemption. *See* ECF No. 25 at p. 12. Citing to the same general cases as Yi did in her motion, Plaintiff

reiterates the standard to be applied when determining whether intentional infliction of emotional

distress is preempted by the IHRA. *Compare* ECF No. 43, p. 8 to ECF No. 52 at pp. 11-12. Where a tort claim is "inextricably linked" to a civil rights violation defined under the Act such that there is no independent basis for the action apart from the IHRA itself, the claim is preempted and subject to dismissal. *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 602 (7th Cir. 2006)(citing *Maksimovic v. Tsogalis*, 177 Ill.2d 511 (1997)). Plaintiff's arguments relating to preemption fail not as a result of Defendant's misunderstanding, but because Plaintiff is unable to establish an independent basis in tort apart from the IHRA.

In order to state a claim for intentional infliction of emotional distress, Plaintiff must allege, in part, that Defendant Yi's conduct was extreme and outrageous. *Watanabe v. Loyola University of Chicago*, No. 99 C 4820, 2000 WL 876983, at *6 (N.D. Ill. July 3, 2020). In support of her claim that Yi's conduct was extreme and outrageous, Plaintiff alleges that she was targeted in various ways based on her race, national origin, religion and/or ancestry. *See* ECF No. 52 at pp. 5-6, 9, 12. Absent Plaintiff's allegations that she was targeted based on based on her race, national origin, religion and/or ancestry, Defendant Yi's "extreme and outrageous" conduct, if taken as true, consists of changing the final exam and grading rubric for the entire class, lowering Plaintiff's final exam score, and subjecting Plaintiff to discussions with classmates. *See* ECF No. 52 at p. 12. This conduct does not exceed all bounds of human decency to support an independent claim for IIED. *See Watanabe v. Loyola Univ. of Chicago*, No. 99 C 4820, 2000 WL 876983, at *6 (N.D. Ill. July 3, 2000)(plaintiff's IIED claim is preempted when plaintiff is unable to establish the claim absent her allegations of discrimination); *see also Martin v. Cook County*, Ill., No. 17 C 2330, 2018 WL 1942654, at *6 (N.D. Ill. Apr. 25, 2018) (eliminating the civil rights component from plaintiff's claim—that is, stripping it of allegations that involve her religious beliefs or the defendant's retaliation for her complaints—"takes the air out of the case" resulting in preemption); *Smith v. Chicago Sch. Reform Bd. of Trustees*, 165 F.3d 1142, 1151 (7th Cir. 1999) (plaintiff's emotional distress claim is preempted when discrimination and retaliation were

"the core of [her] theory"). The core of Plaintiff's IIED claim is that she suffered from discrimination, harassment and retaliation based on her race, national origin, religion and/or ancestry. This is exactly the type of claim that is preempted by the IHRA.

Tellingly, Plaintiff does not address or distinguish the relevant case law included in Yi's motion to dismiss relating to preemption. *See* ECF No. 52 at pp. 11-14. Specifically, *Martin v. Cook County*, Ill., No. 17 C 2330, 2018 WL 1942654, at \*6-7 (N.D. Ill. Apr. 25, 2018), *Sanglap v. Lasalle Bank, FSB*, 345 F.3d 515, 519 (7th Cir. 2003), *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 934 (7th Cir. 2017); *Krocka v. City of Chicago*, 203 F.3d 507, 511 (7th Cir. 2000); *Olojo v. Kennedy-King College*, No. 05 C 6234, 2006 WL 1648441, at \*8 (N.D.Ill. June 7, 2006), and *Watanabe v. Loyola University of Chicago*, No. 99 C 4820, 2000 WL 876983, at \*6 (N.D. Ill. July 3, 2020) are included in Yi's motion to dismiss and not discussed in Plaintiff's response. *See* ECF No. 52, pp. 11-14. For the reasons stated in Yi's motion to dismiss, these cases are directly on point and support a dismissal of Plaintiff's IIED claim. Moreover, because Plaintiff failed to address Yi's case law in support of her preemption argument, Plaintiff has waived any argument to the contrary. *See Laborers' Int'l Union of N. Am. v. Caruso,* 197 F.3d 1195, 1197 (7th Cir.1999).

In an effort to demonstrate that Plaintiff's IIED stands independently from her discrimination, harassment and retaliation claims, Plaintiff cites to *Spring-Weber v. City of Chicago*, No. 16 C 8097, 2017 WL 1316267, at \*9-10 (N.D. Ill. Apr. 10, 2017) and *Summerland v. Exelon Generation Co.*, 510 F. Supp. 3d 619, 630 (N.D. Ill. 2020), both of which are distinguishable from this case. In *Spring-Weber,* irrespective of any discriminatory animus, the plaintiff alleged that she was placed on involuntary leave, confined to her home, forced to undergo drug and psychiatric testing, denied compensation for medical treatment, transferred to a remote location, denied transfers or promotions to other positions, and denied the ability to schedule her furlough days. 2017 WL 1316267, at \*9 (N.D. Ill. Apr. 10, 2017). The court found that this conduct *on its own* could give rise to a claim for IIED. *Id.*

(emphasis added). In contrast, stripping Plaintiff's allegations in this case of any civil rights component, Yi's conduct amounts to changing the final and grading rubric for the entire class, lowering Plaintiff's final exam score, and subjecting Plaintiff to discussions with classmates. *See* ECF No. 52 at p. 12. Unlike the conduct in *Spring-Weber*, the conduct in this case does not on its own rise to a claim for IIED.

Similarly, the court in *Summerland* emphasized that the question is "whether taking the alleged tortious actions 'for any reason [would] support a claim for [IIED].'" 510 F. Supp. 3d 619, 630 (N.D. Ill. 2020)(quoting *Sanglap v. LaSalle Bank*, FSB, 345 F.3d 515, 520 (7th Cir. 2003)). In answering this question, the could found that "whatever their subjective motives, Defendants' insults, deception concerning the last chance agreement, and interference with [plaintiff's] therapy appointments could be deemed objectively outrageous, at least on the pleadings." *Id.* In contrast, regardless of Yi's motivations, her conduct of changing the final and grading rubric for the entire class, lowering Plaintiff's final exam score, and subjecting Plaintiff to discussions is not extreme and outrageous to support an IIED claim. *See* ECF No. 52 at p. 12; *Watanabe v. Loyola University of Chicago*, No. 99 C 4820, 2000 WL 876983, at *6 (N.D. Ill. July 3, 2020); *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001) (quoting *McGrath v. Fahey*, 126 Ill.2d 78, 86 (1988)); *Oates v. Discovery Zone*, 116 F.3d 1161, 1174 (7th Cir. 1997)(IIED "does not extend to mere insults indignities, threats, annoyances, petty oppressions, or other trivialities," nor to conduct which is "inconsiderate, rude, vulgar, uncooperative, unprofessional and unfair."). Therefore, unlike the conduct in *Summerland,* the conduct in this case does not on its own rise to a claim for IIED.

For these reasons, and those outlined in Yi's motion to dismiss, Count V of Plaintiff's Complaint alleging intentional infliction of emotional distress should be dismissed.

## II. Alternatively, Plaintiff Fails to Allege Extreme and Outrageous Conduct to State a Claim of Intentional Infliction of Emotional Distress.

In Plaintiff's response, Plaintiff first lists certain factors that can be considered when determining whether conduct is extreme and outrageous, including the level or power or control the defendant has over the plaintiff, whether the defendant reasonably believe its objective was legitimate, and whether the defendant was aware the plaintiff was peculiarly susceptible to emotional distress. *See* ECF No. 52 at pp. 3-5; *McGrath v. Fahey*, 16 Ill.2d 78, 86-90 (1988). In a conclusory manner, Plaintiff argues that all three factors weigh in her favor but still fails to identify facts demonstrating that Yi's conduct goes beyond all possible bounds of decency and is regarded as intolerable in a civilized community to support her IIED claim. *Lewis v. School Dist. #70*, 523 F.3d 730, 747 (7th Cir. 2008).

First, in support of Plaintiff's argument that school authorities are "a classic example of individuals with power over an IIED plaintiff," Plaintiff cites to *Black as next friend of J.D. v. Littlejohn*, No. 19 C 2585, 2020 WL 469303, at *8 (N.D. Ill. Jan. 28, 2020). The power dynamic in that case involved adult teachers and a special education student in elementary school. *Id.* at *1. While Yi was Plaintiff's professor, Plaintiff is an adult in a graduate program attending classes with other adults. This is undoubtedly not comparable to the dynamic in *Black as next friend of J.D.* ECF No. 1, ¶ 1. Moreover, the conduct alleged in *Black as next friend of J.D.* included "multiple episodes of bullying and violence at the hands of teachers, staff, and students that went unaddressed" causing Black's son to almost succeed "in attempting to take his own life." *Black as next friend of J.D.*, 2020 WL 469303 at *1. Again, the facts of this case do not come close to being comparable to those in *Black as next friend of J.D.* Moreover, there are no facts alleged in the complaint that Yi had the power or control to ultimately "damage the plaintiff's interests." *Milton v. Illinois Bell Tel. Co.*, 101 Ill. App. 3d 75, 79 (1981).

Second, in regards to the second factor of whether the defendant reasonably believed its objective was legitimate, plaintiff simply states that it is "impossible to claim any reasonable belief in any legitimate objective." ECF No. 52 at p. 4. There are no facts alleged in the complaint to support

this factor one way or the other. Plaintiff's argument is conclusory and speculative and should therefore not be considered. *See United States v. Berkowitz*, 927 F.2d 1376, 1383 (7th Cir. 1991) (perfunctory and undeveloped arguments are deemed waived).

Third, to support her argument that Yi knew that Plaintiff was susceptible to distress, Plaintiff cites to *Fox v. Hayes*, 600 F.3d 819, 842-43 (7th Cir. 2010). In that case, the plaintiff was a mother whose three-year old daughter had just been murdered and the accused was her husband. *Id.* at 842. Plaintiff's daughter was "bound with duct tape, sexually assaulted, and drowned in a creek." *Id.* at 826. The defendant was the supervisor in charge of the husband's interrogation. *Id.* After the defendant heard plaintiff offer support to her husband following a polygraph, the defendant screamed in plaintiff's face: "Your husband's a fucking liar, and he's a fucking murderer. He never loved you or your fucking daughter, and he killed her, and you need to learn to fucking get over it." *Id.* The husband spent 8 months in jail before he was exonerated by DNA testing. *Id.* at 826. In considering these facts, the court found that defendant's "abuse of his authority, involving an obviously vulnerable mother and wife, boosts what otherwise might be characterized as a particularly ugly insult across the threshold into a valid IIED claim." *Id.* at 842. The facts in *Fox* simply cannot be compared to those in this case to support Plaintiff's argument that Yi engaged in extreme and outrageous conduct. Moreover, the allegations in the complaint do not support that Yi was "fully aware of the extent of [Plaintiff's] emotional vulnerability, and she knew how highly susceptible [Plaintiff] was to emotional distress." *See* ECF No. 52 at p. 4.

Lastly, in support of Plaintiff's argument that a reasonable jury could conclude Yi's conduct was extreme and outrageous, Plaintiff cites to *Pinkston v. Bd. of Educ. of City of Chicago*, No. 19 CV 6477, 2023 WL 6392302, at *8 (N.D. Ill. Oct. 2, 2023), which is also factually distinguishable to this case. In *Pinkston*, the plaintiff, a nine-year old student, alleged that the defendant, the Principal of his school, caused severe emotional distress by locking him outside of the school for over 30 minutes with only

a t-shirt and pants on in 27-46 degree weather. *Id.* at *1-2. The complaint further alleged the plaintiff began crying when he realized he was locked outside and sees a psychologist for the "trauma" he experienced. *Id.* at 8. Considering the Principal's authority over the nine-year old student and the alleged conduct, the court denied defendant's motion to dismiss plaintiff's IIED claim. In contrast, the Plaintiff in this case is an adult in a master's program. This is not comparable to the power dynamic between an elementary student and his Principal to support a claim for IIED. Moreover, the conduct alleged in Plaintiff's complaint – that Yi forced her to attend a class with "hostile classmates," allowed another "hostile classmate" to split from their joint project, allegedly lowering plaintiff's grade, and changing the final and grading rubric to target plaintiff—is not similar to locking a jacket-less child outside on a cold Chicago day for over 30 minutes, causing him to panic, cry and see a therapist for his alleged trauma.

Based on the above, and Yi's arguments and case law in her motion to dismiss[1], the alleged conduct in Plaintiff's complaint does not rise to the level of extreme and outrageous to sustain a claim for IIED. Therefore, Count V of Plaintiff's Complaint against Yi, which alleges that Yi's conduct was extreme and outrageous in a conclusory fashion, should be dismissed. *See McKay v. Town and Country Cadillac, Inc.*, 991 F.Supp. 966, 972 (N.D. Ill. 1997) (disregarding plaintiff's conclusory IIED allegations and finding that conduct described throughout pleading was not extreme and outrageous).

### III. Plaintiff's Response Does Not Cure Her Failure to Allege Severe Emotional Distress of that Yi Intended to Cause Plaintiff Severe Emotional Distress.

In her motion to dismiss, Yi argues that Count V of Plaintiff's complaint contains only boilerplate allegations that Plaintiff suffered from "severe emotional distress" and that Yi intended to inflict emotional distress. *Id.* at ¶¶ 163-164; see ECF No. 43 at pp. 7-8. Absent more, and in light of

---

[1] In her response, Plaintiff attempts to distinguish the case law cited in Yi's motion to dismiss supporting Yi's argument that Plaintiff has failed to allege facts that Yi engaged in extreme and outrageous conduct. See ECF No. 52 at pp. 6-9. Plaintiff distinctions are unpersuasive, and Yi maintains that the case law included in her motion supports a dismissal of Court V of Plaintiff's complaint.

her failure to allege that kind of extreme and outrageous conduct necessary to sustain an IIED claim, Plaintiff's pleadings do not show that she suffered the degree of harm required to support a claim of this kind. She indicates throughout the Complaint that she felt "isolated" and "unsafe," but absent more detailed allegations describing how these feelings manifested or the specific parties responsible for causing these conditions, her allegations are insufficient under the high pleading standard for IIED claims.

Plaintiff attempted to distinguish the case law included in Yi's motion to support the above argument by stating that the courts "also concluded that that the defendant's conduct was not extreme and outrageous" in dismissing the claims. ECF No. 52 at pp. 9-10; *see Mnyofu v. Bd. Of Educ. Of Rich Twp. High Sch. Dist. 227*, 832 F.Supp.2d 940, 950 (conclusory allegations that plaintiff suffered severe emotional distress not sufficient to survive motion to dismiss); *Nardella v. Leyden High Sch. Dist. 212*, No. 15 C 4885, 2017 WL 1806589, at *5 (N.D. Ill. May 5, 2017) (same); *Doe v. Columbia College Chicago*, 299 F.Supp.3d 939, 949 (N.D. Ill. 2017) (same). Just because the courts in *Mnyofu, Nardella* and *Doe* found that the plaintiffs also failed to allege extreme and outrageous conduct, does not take away from the fact that they also failed to allege severe emotional distress and intent to cause severe emotional distress. Plaintiff is required to allege facts to support all three elements of an IIED claim. Here, the Plaintiff has failed to do so. Therefore, Count V of Plaintiff's complaint against Yi should be dismissed

## CONCLUSION

For the reasons stated herein and in her motion to dismiss (ECF No. 43), Defendant Sandie Yi respectfully requests that this Court enter an Order dismissing Count V of Plaintiff's Complaint against her, and for any other relief this Court deems fair and just.

- 9 -

Dated: April 15, 2024

Respectfully Submitted,

SANDIE YI

By: /s/ *Susan J. Best*
       One of Her Attorneys

Susan J. Best
Gordon Rees Scully Mansukhani, LLP
1 N Franklin, Suite 800
Chicago, IL 60606
P:     (312) 565-1400
Fax:   (312) 565-6511
sbest@grsm.com

**CERTIFICATE OF SERVICE**

     I, Susan J. Best, an attorney of record, hereby certify that I served a copy of the foregoing **Defendant Sandie Yi's Reply in Support of her 12(b)(6) Motion to Dismiss Count V of Plaintiff's Complaint** by e-filing it with the Court's CM/ECF system this 15th day of April, 2024, which sends an electronic notification to all counsel of record.

By: /s/ *Susan J. Best*
     Susan J. Best, Atty No. 6302403