IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHIRAN CANEL, <br><br> Plaintiff, <br><br> v. <br><br> SCHOOL OF THE ART INSTITUTE OF CHICAGO, and SANDIE YI, <br><br> Defendants. | Case No. 23 cv 17064 <br><br> Judge Georgia N. Alexakis |

**DEFENDANT THE ART INSTITUTE OF CHICAGO'S
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Defendant the Art Institute of Chicago ("AIC"), by and through its counsel, respectfully moves to dismiss Plaintiff's Second Amended Complaint ("SAC") in its entirety pursuant to Rule 12(b)(6). In support of this Motion to Dismiss, AIC has contemporaneously filed its supporting memorandum and also states as follows:

1.   On June 18, 2025, Plaintiff filed the SAC. Dkt. 131. The SAC attempts to bring claims of violation of Title VI of the Civil Rights Act (Count I), violation of the Illinois Human Rights Act (Count II), breach of contract (Count III), violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count IV), and intentional infliction of emotional distress (Count V).

2.   To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Court need not strain to find favorable inferences that are not apparent on the face of the Complaint. *Coates v. Ill. State Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977). None of Plaintiff's claims meet this standard.

3. As a preliminary matter, Plaintiff fails to plead that she faces a "real and immediate" threat of future injury as opposed to a threat that is merely "conjectural or hypothetical." *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017). Therefore, she lacks standing to bring claims for injunctive relief.

4. Plaintiff has failed to plead a claim of discrimination under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, et seq. ("Title VI"), or the Illinois Human Rights Act, 755 ILCS 5/1-101, et seq. ("IHRA").

5. Plaintiff first attempts, and fails, to state a hostile environment claim, which requires a showing "that: (1) the student participated in a federally funded program; (2) the alleged hostile environment was so severe, pervasive, and objectively offensive that it deprived the student of access to educational benefits; (3) the school had actual knowledge of the conduct; and (4) the school was deliberately indifferent toward the conduct." *Canel v. Art Inst. of Chicago*, No. 23 CV 17064, 2025 WL 564504, at *5 (N.D. Ill. Feb. 20, 2025). In the SAC, Plaintiff fails to allege that she experienced severe, pervasive, and objectively offensive conduct; she fails to allege that she was deprived of educational benefits; and she fails to allege that AIC was deliberately indifferent to conduct about which it was aware.

6. Plaintiff also attempts, and fails, to state a direct discrimination claim. To state a claim of direct discrimination under Title VI, "plaintiffs must allege facts satisfying two elements: that (1) they have been intentionally discriminated against on the grounds of race; and (2) defendants are recipients of federal financial assistance." *Khan v. Midwestern Univ.*, 147 F. Supp. 3d 718, 720 (N.D. Ill. 2015). Here, the SAC makes clear that, rather than perpetrating antisemitism, AIC took active steps to combat it. This dooms Plaintiff's direct discrimination claim.

2

7. Plaintiff also fails to plead a breach of contract claim. Instead of identifying a contract between herself and AIC that AIC breached, Plaintiff improperly attempts to hold AIC contractually liable for its existing statutory obligations and to assert a non-cognizable claim of educational malpractice. *See Harris v. Adler Sch. of Prof. Psych.*, 723 N.E.2d 717, 722 (Ill. App. Ct. 1999).

8. Plaintiff's claim under the Illinois Consumer Fraud Act, 815 ILCS 505/10(a) (the "ICFA") also fails. To bring a claim under the ICFA, Plaintiff must plead with particularity that "(1) the defendant undertook a deceptive act or practice; (2) the defendant intended that the plaintiff rely on the deception; (3) the deception occurred in the course of trade and commerce; (4) actual damage to the plaintiff occurred; and (5) the damage complained of was proximately caused by the deception." *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 883 (7th Cir. 2005). Plaintiff fails to identify any policy or statement AIC has not enforced, and she has failed to allege damages caused by AIC's alleged "deception."

9. Finally, Plaintiff's claim for intentional infliction of emotional distress ("IIED") must fail because she has not alleged a single act or omission by AIC that is sufficiently outrageous to support a claim of IIED, and such a claim for IIED is preempted by the IHRA. *See Van Stan v. Fancy Colours & Co.*, 125 F.3d 563, 567 (7th Cir. 1997); *Maksimovic v. Tsogalis*, 177 Ill.2d 511 (Ill. 1997).

WHEREFORE, AIC respectfully requests that the Court enter an order dismissing the SAC in its entirety pursuant to Rule 12(b)(6) and granting any further relief the Court deems just and proper.

| | |
|---|---|
| DATED: July 2, 2025 | Respectfully submitted,<br>SCHOOL OF THE ART INSTITUTE OF CHICAGO<br><br>By: /s/ John W. Borkowski<br>    One of Its Attorneys<br><br>John W. Borkowski<br>Karen Courtheoux<br>Katherine Tierney<br>Husch Blackwell LLP<br>120 South Riverside Plaza, Suite 2200<br>Chicago, Illinois 60606<br>P: (312) 526-1634<br>john.borkowski@huschblackwell.com<br>Karen.courtheoux@huschblackwell.com<br>Katherine.tierney@huschblackwell.com |


...


**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on July 2, 2025, he electronically filed the foregoing document with the Clerk of the Court using the CMECF system which will send notification to the following individuals listed below:

Steven P. Blonder
Laura Elakayam
Much Shelist P.C.
191 North Wacker Drive
Suite 1800
Chicago, IL 60606
sblonder@muchlaw.com
lelkayam@muchlaw.com

Avraham E. Aizenman
Steelman Advocate PC
3840 Via De La Valle
Del Mar, CA 92014
eli@steelmanadvocate.com

/s/ John W. Borkowski